UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID A. CHAMBERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-00637-RLY-TAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

The parties appeared by counsel May 20, 2015, for an oral argument on Plaintiff's appeal of her denial of disability benefits.  Set forth below is the Magistrate Judge's recommended decision issued from the bench following that argument.  This ruling recommends that the ALJ's determination be reversed and that this case be remanded for further proceedings.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT:  Back on the record now.  I will give you my recommended decision in this case.

Plaintiff David A. Chamberlin asserts three issues on appeal:  First, whether the ALJ erred in finding that Chamberlin did not meet or equal a listing; second, whether the ALJ's credibility determination was patently wrong; and, third, whether the ALJ improperly considered Chamberlin's mental impairments.

By way of background, Chamberlin filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on July 19, 2011, alleging a disability start date of April 20th, 2009. Chamberlin's applications were denied initially and upon reconsideration.

An ALJ held a hearing on August 17, 2012, and on September 28, 2012, concluded that Chamberlin was not disabled. The ALJ's decision concluded: (1) at step one, that Chamberlin had not engaged in substantial gainful activity; (2) at step two, that Chamberlin's degenerative disk changes in the lumbar and cervical spine were severe. However, the ALJ determined Chamberlin's left-knee pain and chest pain were not severe; (3) at step three, that Chamberlin's impairments did not meet or equal the relevant listings; and (4) at step four that Chamberlin was capable of performing, "light work except he is limited to only occasional climbing, balancing, stooping, bending, kneeling, crouching, or crawling. He cannot climb ladders, ropes, or scaffolds. He should avoid all exposure to vibration and hazards, such as machinery and heights. And he is limited to simple, routine, and repetitive tasks." Record at 15 through 16.

A vocational expert at the hearing testified that Chamberlin was not capable of performing past relevant work given his restrictions. The ALJ relied on this testimony in concluding that Chamberlin could not perform past work. After questioning the VE on the availability of jobs in the national economy, the ALJ concluded that Chamberlin could perform jobs in the national economy as a mailroom clerk, ticket seller, bench assembler, and thus was not disabled. The Appeals Council denied Chamberlin's request for review and this appeal followed.

In considering this appeal, the Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The

substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). The ALJ, however, need not mention every piece of evidence so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

Chamberlin asserts that the ALJ failed to provide an adequate discussion of whether Chamberlin met or equaled a listing, specifically listing 1.04 for disorders of the spine in his three-step analysis. At step three, the ALJ concluded that Chamberlin did not meet or equal any of the listed impairments. To support this conclusion, the ALJ asserted, "The claimant does not allege that he has impairments of listing level severity nor has he met his burden of presenting medical evidence that supports such a finding. I have reviewed the medical evidence of record in its entirety and find that the claimant's impairments do not meet or equal the level of severity set forth in any of the listed impairments." Record at 15. However, the ALJ's analysis stopped there. The ALJ not only failed to mention listing 1.04, but also provided no discussion of listing 1.04's requirements or the related medical evidence. The Commissioner concedes that this was error, but asserts that any such error is harmless, because none of the evidence Chamberlin presented satisfies listing 1.04, and Chamberlin has the burden to prove he is disabled at step three.

I disagree that this glaring error is harmless. As a practical matter, it is hard to fathom how the ALJ even made this error. The ALJ stated that Chamberlin does not allege that he has impairments of listing level severity, nor did he meet his burden of presenting medical evidence to support such a finding. Record at 15. This statement is in direct conflict with Plaintiff's attorney's statement at the hearing in which the attorney expressly referenced listing 1.04 and

cited to evidence showing Plaintiff satisfied the listing. Record at 58. This significant shortcoming does not, by itself, warrant remand. As the Commissioner correctly notes, Plaintiff still must prove he is disabled at step three.

The Commissioner also cites to some evidence in the record calling Plaintiff's disability into question. See Defendant's brief at page 7. Defendant's discussion of this evidence, however, is quite limited. It essentially amounts to one paragraph. Moreover, Plaintiff's counsel at oral argument gave the Court additional reasons to question the strength of this evidence.

And while the ALJ did cite to evidence in the record to support his decision, Chamberlin cites to evidence during the relevant disability period that the ALJ did not discuss that shows he had symptoms characterized in listing 1.04. For example, the evidence shows that Chamberlin had limited range of motion in his right shoulder, had an equivocal positive straight leg raise, and back and shoulder discomfort. Record at 448. He also had mild disk space narrowing at L1 through L2 and nerve root impingement. Record at 483 through '84, 576 and 580. Likewise, Chamberlin had a decrease in range of motion in his lower back. Record at 451.

To be sure, the ALJ mentioned Chamberlin's back pain, mild disk degeneration, and arm numbness. However, the ALJ failed to appropriately address Chamberlin's nerve root impingement, limited range in his shoulders and lower back, positive straight leg raises, and decreased sensation in relation to listing 1.04. See specifically the additional evidence set forth in the plaintiff's brief at pages 12 through 13.

While the ALJ is not required to mention every piece of evidence, the ALJ must discuss evidence that suggests a finding of disability. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The ALJ did not provide a sufficient analysis for finding Chamberlin's degenerative disk changes did not meet or equal a listed impairment and did not evaluate any of the evidence

4

favorable to Chamberlin in considering the relevant medical listings. Under *Ribaudo v. Barnhart*, 458 F.3d 580, 583 through 584 (7th Cir. 2006), these types of deficiencies at step three are reversible error. Accordingly, I find remand on this issue is appropriate.

Chamberlin's next issue on appeal concerns the ALJ's credibility assessment. Chamberlin asserts that the ALJ improperly considered three pieces of information in making his credibility determination. First, the ALJ mischaracterized Chamberlin's daily living activities in finding Chamberlin to be more capable than alleged. Second, the ALJ improperly considered third-party statements by using part of their statements to support the credibility finding and by discrediting the parts of their statements that supported Chamberlin's greater restrictions. Finally, Chamberlin asserts that the ALJ erred in discrediting Chamberlin's accounts of pain because he continued to smoke. The Court may only overturn an ALJ's credibility determination if it is patently wrong. *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008).

In assessing Chamberlin's credibility, the ALJ relied on several factors acceptable under Social Security Ruling 96-7p, including Chamberlin's daily activities, the effectiveness of his medication, his compliance with medications, and his treatment. Record at pages 18 through 19. The ALJ's characterization of Chamberlin's daily living activities was not patently wrong. Chamberlin's function reports indicated that he was capable of caring, parenting, transporting, and feeding his daughter. He could dress himself, bathe, care for his own hair, shave, feed himself, and go to the bathroom unassisted. Record at page 219. He prepared things like eggs and salads and frozen dinners, did the laundry, ironed, drove a car, and shopped for food. Record at page 221. While the ALJ did not mention that Chamberlin spent a limited amount of time shopping, cooking meals, and doing the laundry, that was not patently wrong as it was not

the only factor the ALJ considered in determining Chamberlin's credibility, and not the only daily living activities the ALJ discussed.

The ALJ's discussion of Chamberlin's third-party function report was also not patently wrong. The ALJ properly articulated his reasons for only partially relying on Chamberlin's third-party function report. The ALJ noted the lack of exacting observations concerning Chamberlin's symptoms, the third-party familial relationship with Chamberlin, and the fact that it was contrary to the medical evidence. Record at 19. The ALJ's conclusion that the third-party function report was not wholly credible is not unreasonable and is supported by evidence. Thus, the Court should not disturb that finding.

The ALJ's discussion of Chamberlin's inability to quit smoking was not reversible error either. The ALJ's decision stated, "I also note that the claimant has had some difficulties with compliance. The claimant continued to smoke despite his medical impairments and the advice of his doctors. And his orthopedist informed him that he would not recommend a spinal surgery unless the claimant stopped smoking." Record at 19.

Chamberlin's orthopedist did indicate that Chamberlin should stop smoking. However, it was not the only reason the orthopedist would not recommend Chamberlin for spinal surgery. The orthopedist indicated that he told Chamberlin he needed to be a non-smoker and that the doctors could not, "give him a new spine. Infusion may be an option, but we will leave that to Dr. Mobasser. With all the degeneration, predominance of back pain, escalating narcotics, smoking history, and the like, he may choose not to operate." Record at 397.

While the ALJ erred in summarizing the orthopedist's treatment plan, this was not the only evidence upon which the ALJ relied to support his finding that Chamberlin was not entirely

credible. Thus, this error alone does not make the ALJ's credibility determination, as a whole, patently wrong. However, on remand, the ALJ may wish to more carefully consider this issue.

Chamberlin's final argument concerns his mental impairments. According to Chamberlin, the ALJ inconsistently discussed his mental impairments. At step two, the ALJ failed to even mention Chamberlin's mental impairment. Even so, the ALJ's failure to determine whether Chamberlin's mental impairment was severe at step two is not reversible error. Step two is a threshold issue, and any error of omission is harmless so long as the ALJ finds at least one severe impairment to continue the disability analysis. *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012).

Here the ALJ found Chamberlin's degenerative disk changes were severe and thus was required to continue assessing all of Chamberlin's impairments and their effect on his ability to engage in substantial gainful activity.

Chamberlin indicates at step three the ALJ analyzed whether Chamberlin's mental impairment met or equaled listing 12.04, but the RFC determination did not reflect the RFC's step three finding. In determining whether Chamberlin met a listing, the ALJ found that Chamberlin was modestly limited in his concentration, persistence, and pace secondary to his physical symptoms. Record at 15 through 16. However, the ALJ included no limitation in the RFC determination that expressly accounted for Chamberlin's mental limitations. The ALJ's RFC assessment limited Chamberlin to simple, routine, repetitive tasks, but the ALJ provided no justification for including this limitation in the decision.

The ALJ's mental impairment analysis, while perhaps inartful, does not warrant remand. The ALJ considered substantial medical evidence in determining whether Chamberlin met or equaled listing 12.04. The ALJ reasoned that Chamberlin's social functioning was only mildly

limited because Chamberlin maintained normal relationships with his family and friends. Record at page 15 and page 506.

The ALJ acknowledged that Chamberlin's concentration, persistence, and pace was moderately difficult as he had difficulty concentrating, remembering, and making decisions during a consultative examination. Record at page 506. Despite this limitation, Chamberlin had normal memory and judgment. That was exactly the conclusion of Dr. Ceola Berry in her September 2nd, 2011, analysis, which is in the record at page 507, and which the Commissioner appropriately relied upon at oral argument. Substantial evidence supports the ALJ's finding that Chamberlin did not meet or equal listing 12.04. That evidence includes, among other things, Dr. Berry's findings.

Moreover, the ALJ's limitation to simple, routine, and repetitive tasks to account for concentration issues due to pain is supported by substantial evidence. The ALJ gave little weight to medical statements that found Chamberlin had no mental impairments, so the ALJ obviously was not simply dismissive of Plaintiff's mental issues.

The ALJ reasoned that Chamberlin's treatment notes and his own allegations suggested that Chamberlin had concentration limitations. While the ALJ should have articulated this reasoning more clearly at step four, remand on this issue is not appropriate. Evidence showed that Chamberlin's concentration was limited due to his pain symptoms, and the ALJ included such limitations in his RFC assessment. Again, however, since I have found remand is appropriate for other reasons, the ALJ may wish to revisit this issue on remand.

In conclusion, I find that the ALJ erred in his perfunctory analysis at step three of his decision. Accordingly, I recommend that the Court grant Plaintiff's brief in support of appeal, filing number 11, and remand this case pursuant to sentence four of 42 U.S.C. Section 405(g).

I will ask the court reporter to transcribe that portion of this oral argument that reflects those findings. I will have those filed on the docket. And any appeal of this decision must be made within 14 days after that is filed on the docket.

I thank both sides for their arguments. And with that, we are adjourned.

THE COURTROOM DEPUTY: All rise.

(Proceedings adjourned at 11:10 a.m.)

Dated: 5/29/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Lindsey M. Stout
HENSLEY LEGAL GROUP, PC
lstout@hensleylegal.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov